UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

SHARON C.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

3:21-cv-00862-JR

OPINION AND ORDER

Russo, Magistrate Judge:

Plaintiff Sharon C. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). See ECF No. 4. For the reasons that follow, the

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

Page 1 — OPINION AND ORDER

Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings.

## PROCEDURAL BACKGROUND

Plaintiff filed her application for DIB in December 2018, alleging disability beginning March 31, 2010. Tr. 137-43.[2] Her claim was denied initially and upon reconsideration. Tr. 69-73, 79-81. Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held in August 2020. Tr. 24-43. At the hearing, plaintiff asked to amend the alleged onset of disability to match the protective filing date of December 4, 2018. Tr. 29-30. On September 2, 2020, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 13-20. The Appeals Council denied plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. Tr. 1-6. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 49 years old on the initial alleged onset date and 58 as of her protective filing date. Tr. 45, 137. She graduated from high school and had past relevant work as a cashier II, janitor, and bank teller. Tr. 54, 156. Plaintiff alleges disability due to degenerative disk disease, stenosis, bone spurs, nerve damage from back surgeries, and sciatic nerve pain. Tr. 46.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v.

---

[2] "Tr." citations are to the Administrative Record at ECF No. 9.

Page 2 — OPINION AND ORDER

Heckler, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); see also Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. Yuckert, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Id.; 20 C.F.R. §§

404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. Yuckert, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), which is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations her impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. Yuckert, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. Id. at 142; 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S FINDINGS

At step one, the ALJ found plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since the alleged onset date of March 31, 2010. Tr. 16. At step two, the ALJ found plaintiff had the following severe impairment: "lumbar degenerative disc disease." Id. At step three, the ALJ found plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Id. Before proceeding to the fourth step, the ALJ assessed plaintiff's RFC. The ALJ found plaintiff had the RFC to perform light work as defined in 20 CFR 404.1567(b), with the following limitations: "[T]he claimant is further limited to no more than frequent balancing, crouching, crawling, kneeling, or climbing ramps or stairs. She could climb ladders, ropes, or scaffolds no more than occasionally." Id.

Page 4 — OPINION AND ORDER

At step four, the ALJ found plaintiff was able to perform any past relevant work as a cashier II. Tr. 19. The ALJ thus found plaintiff was not disabled within the meaning of the Act. Tr. 20.

DISCUSSION

Plaintiff argues the ALJ erred by: (1) failing to rule on plaintiff's request to amend her alleged onset date; (2) improperly rejecting plaintiff's subjective symptom testimony; and (3) failing to include all of Dr. Engelhardt's limitations in plaintiff's RFC despite finding the doctor's opinion "persuasive." Pl.'s Opening. Br., ECF No. 10, at 1 ("Pl.'s Br."). The Commissioner concedes these errors were harmful, but nevertheless contends that the appropriate remedy is to remand this case to the ALJ for additional proceedings because there are "conflicts in the record and serious doubt as to [p]laintiff's entitlement to benefits." Def.'s Br. Mot. for Remand, ECF No. 11, at 2 ("Def.'s Br.").

A reviewing court has discretion to either remand an action for further proceedings or for a finding of disability and an immediate award of benefits. See, e.g., Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015). Even where all the requisites are met, however, a court may still remand for further proceedings "when the record as a whole creates serious doubt as to

Page 5 — OPINION AND ORDER

whether the claimant is, in fact, disabled[.]" Garrison, 759 F3d at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. Dominguez, 808 F.3d at 407 (citing Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal quotation marks omitted)).

The Commissioner argues the record has not been fully developed and further proceedings would serve a useful purpose to resolve ambiguity in the record, and there is serious doubt as to [p]laintiff's entitlement to benefits. See Def.'s Br. at 2-8. The Court agrees the record has not been fully developed and further proceedings would serve a useful purpose to resolve ambiguity in the record.

A.    Credit-as-True Analysis

The Commissioner concedes the ALJ failed to provide legally sufficient reasons for rejecting both the medical opinions and plaintiff's testimony and his decision was not supported by substantial evidence. Def.'s Br. at 1-2. With respect to the utility of further proceedings, there is ambiguity in the record that requires resolution. Specifically, Brigitte Engelhardt, M.D., examined plaintiff in February 2019. Tr. 459. Dr. Engelhardt opined that plaintiff was capable of standing and walking for a maximum of four hours in an eight-hour workday. Tr. 463. Additionally, Dr. Engelhardt opined that plaintiff was capable of sitting for up to six hours total and lifting up to twenty pounds occasionally. Tr. 463. The ALJ found Dr. Engelhardt's opinion "persuasive," but the RFC limited plaintiff to light work, as defined in 20 C.F.R § 404.1567(b), without any specific limitation on plaintiff's ability to stand or walk. Tr. 16, 19. In other words, the RFC failed to include the limitations from Dr. Engelhardt's opinion regarding standing and walking for a maximum of four hours in an eight-hour workday. Tr. 463. If a medical opinion is inconsistent

Page 6 — OPINION AND ORDER

with the RFC, the ALJ must explain how the discrepancy was resolved. SSR 96-8p, 1996 WL 674184, at *7.

The Commissioner concedes the ALJ committed legal error by failing to discuss why he did not incorporate Dr. Engelhardt's limitations into plaintiff's RFC. However, the Commissioner argues further proceedings are needed because Dr. Engelhardt's opinion was not meaningfully addressed, and the record contains conflicting medical opinions. Def.'s Br. at 4. The Court agrees. With respect to Dr. Engelhardt's opinion, the ALJ notes Dr. Engelhardt "supported the opinion with an explanation, citing to specific evidence, which renders it more persuasive. Further, this opinion is generally consistent with the totality of the evidence received at the hearing level." Tr. 19. Based on his analysis, the ALJ concluded Dr. Engelhardt's opinion was persuasive. Tr. 19. However, the record is ambiguous with respect to why the ALJ failed to adopt the limitations articulated in Dr. Engelhardt's opinion regarding plaintiff's standing/walking limitations. Furthermore, the ALJ found two other medical opinions "persuasive." These opinions, from State agency examiners, found plaintiff could stand or walk up to six hours in an eight-hour workday. Tr. 52, 65. Again, the record is unclear as to the reason the ALJ did not include Dr. Engelhardt's standing/walking limitation in plaintiff's RFC despite finding all three medical opinions persuasive. Additional proceedings would serve a useful purpose to resolve this ambiguity. Therefore, the second element of the "credit-as-true" analysis has not been met, thus remand for immediate payment of benefits is inappropriate.

B.     Remedy

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an immediate award of benefits. See, e.g., Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. Harman v. Apfel, 211 F.3d 1172, 1179 (9th

Page 7 — OPINION AND ORDER

Cir. 2000). Considering the record as a whole, the Court concludes the second element of the "credit-as-true" analysis has not been satisfied. The Ninth Circuit holds that remanding for proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotations and citations omitted). Here, the Court finds the record sufficiently ambiguous, making remanding for an immediate payment of benefits inappropriate. Accordingly, this case is remanded for further administrative proceedings to: (1) reevaluate plaintiff's amended alleged onset date; (2) reevaluate the medical opinions and prior administrative medical findings; (3) reevaluate plaintiff's alleged symptoms; (4) as warranted, reevaluate plaintiff's RFC; (5) if warranted by the expanded record, obtain supplemental vocational expert evidence to clarify the effect of the assessed limitations on plaintiff's ability to perform her past relevant work; and (6) offer plaintiff the opportunity for a hearing, address the additional evidence submitted, take any further action necessary to complete the administrative record, and issue a new decision. See Burrell v. Colvin, 75 F.3d 1133, 1141 (9th Cir. 2014).

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

CONCLUSION

For the reasons above, the Commissioner's decision was not based on substantial evidence. Accordingly, the Commissioner's decision is REVERSED, and this case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 28th day of March, 2022.

        /s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge